Johnston, Ch.
delivered the opinion of the Court.
This Court is entirely satisfied with the decree of the Chancellor, so far as it is drawn in question by the first and third grounds of appeal, and leaves the decree to speak for itself on those points. But we are of opinion it should be modified in other respects.
By the terms of the settlement, the joint usufructofy interests of Rogers and wife were determined in February, 1838,. when the wife died; and the trust estate became instantly distributable between Rogers and the defendant, Mary, in the proportions of one-third to the former and two-thirds to the latter. Rogers, the father, with the lands and slaves lately belonging to the trust estate, and (as it is stated here and admitted) with some of his own slaves, proceeded to plant the crop of 1838. We must regard this crop as his own, and pitched on his own account. So far as the joint property of himself and his daughter were employed, it is the ordinary case of a tenant in common making use of property belonging to himself and his co-tenants, and accountable to them for the use of their shares. Then, regarding the crop as belonging to Rogers, who died in July, it would certainly have fallen to his representative as assets of, his estate, under the Statute of 1789, (5 Coop. Stat. 111, §23) if he had made no will. It depends, therefore, upon the terms and effect of the will which he did make, whether the crop is diverted from this destination.
The 2d clause of his will, giving to his daughter “ all the property, real and personal, which her mother had and was possessed of at the time of her marriage, together with the increase of the negroes,” certainly is no express gift of the *376 crop growing on the land; and it could only pass with the land, in virtue of the common law authorities quoted by the Chancellor. Certainly, by the common law, not only com and grain of all kinds, but anything of an artificial and annual profit, that is produced by labor and manurance, passed to the devisee of the land, (and also to the dowress) though not to their heir. Co. Litt. 556, and see 1st Wm.’s Ex’ors, 453, notes m, n, o, p. The distinction in favor of the devisee was founded upon a presumption of an intention on the part of the testator, that he who takes the land should take the crops which belong to it; because every man’s donation shall be taken most strongly against himself; though this presumption might be rebutted by words in the will shewing an intent that the executor should have the emblements. 1 Wm’s Ex’ors, 455; Gilb. Ev. 214.
But we think that the principle carrying the annual crops with the land to the devisee, is overruled by the statute before referred to, 5 Coop. Stat. 111, §23, which enacts, “that if any person shall die after .the first day of March in any year,” the slaves employed by him in making a crop shall be continued on the land until the crop is finished, “ and such crop shall be assets in the executor's or administrator's hands, subject to debts, legacies, and distribution, (taxes, overseer’s wages, «fee. being first paid.) And the emblements of the lands, which shall be severed before the last dap of December following, shall, in like manner, be assets in the hands of the executors or administrators. But all such emblements, growing on the lands on that day, or at the testator’s or intestate’s death, if that happens after the said last day of December, and before the first day of March, shall pass with the lands.”
The fifth clause of the will has been relied on as a gift of the crop to the daughter. But our opinion is, that regarding the crop as embraced under the-word “proceeds,” the utmost that can be made of the words of the will, is that the testator intended to charge the rearing and education of the daughter .upon the annual income of the property given her, including the income or crop of the current year. To this extent we are willing to go; and it a construction as favorable to the daughter as we feel at liberty to adopt.
It ie ordered, that the decree be modified, so as to adjudge to the plaintiff, as ex’or of John Rogers, the growing crop of 1838, severed before the last of December of that year, as assets, charged, however, with the maintenance and education of the defendant, Mary A. E. J. Rogers, for the residue of said year, to be ascertained by the Commissioner, on reference.— And it is also referred to the Commissioner to ascertain what *377 should be allowed her for the testator’s use of her share of the land and negroes in making said crop. In other respects the decree is affirmed.
Dunkin, Ch. and Caldwell, Ch. concurred.

Decree modified.